IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA )
)
   v. ) CRIMINAL ACTION NO.
) 2:12cr10-MHT
CRYSTAL SAYLES ) (WO)

## OPINION AND ORDER

This cause is before the court on defendant Crystal Sayles's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, currently set for May 7, 2012, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. In pertinent part, The Act provides:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Sayles in a speedy trial. The

court has already granted Sayles a continuance. In that order, the court determined that a continuance was necessary to provide defense counsel "adequate time to make it through the voluminous discovery produced for this case (a complex tax-fraud prosecution)" and to afford counsel time to "prepare an adequate defense on the basis of that evidence." Order (Doc. No. 14, at 3). Having had time to evaluate this evidence, Sayles's counsel now seeks a continuance on the basis that further discovery and investigation "could reasonably lead to [Sayles's] potentially being exonerated on several charges ... and/or mitigate the severity of" these charges. Motion (Doc. No. 18, at 1). Even if the information obtained in the investigation does not exonerate Sayles, counsel continues, the information will be relevant to any plea negotiations. Allowing Sayles's counsel the opportunity to investigate facts and individuals that might exonerate Sayles on some counts, or cause the government to move to dismiss some counts,

serves the ends of justice. Sayles, therefore, will not be prejudiced by such a delay. In addition, the government does not oppose the motion for a continuance.

That said, in granting Sayles's motion, this court emphasizes that there shall be no further continuances in this case and that attorneys are expected to be prepared to proceed with trial in all cases, regardless of whether Sayles is expected to enter a plea.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Crystal Sayles's motion for continuance (Doc. No. 18) is granted.

(2) The jury selection and trial, now set for May 7, 2012, are reset for June 4, 2012, at 10:00 a.m. in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 5th day of April, 2012.

    /s/ Myron H. Thompson  
UNITED STATES DISTRICT JUDGE